

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable A. J. Bryan, Jr.
Criminal District Attorney
Hillsboro, Texas

Dear Sir:

Opinion No. O-2184
Re: Maintenance of slot
machines by incorporated
country club.

This will be in reference to your letter of February 18, 1941, requesting the opinion of this department upon the following matter:

"May a Country Club, incorporated by the State of Texas, legally operate slot machines for a profit provided no one is allowed to play the machines except members and invited guests?

"I also want to submit the following facts which may have some effect on your answer. The Club has an employee who lives on the second floor of the Club house that takes care and operates the property; those who play the slot machines keep the money if they win and the Club gets the money if they lose; the officers and some of the directors ordered the slot machines placed in the building; the Club owns the machines; the Club often rents its Ball room to outsiders for banquets and the Club house is so arranged that the men guests at these banquets could play the machines if they so desire; the machines are in a position that strangers who play the Municipal Golf Course might also play the machines if they entered the locker room to pay for their green fees."

While the machines are not described, we proceed upon the assumption that they do not differ from the common variety of slot machine device of the "pay-off" variety. We believe your opinion is eminently correct that the operation and maintenance of such machines by an incorporated country club is illegal.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable A. J. Bryan, Jr., page 2

They are specifically branded as gambling devices in Article 619 of the Penal Code. Article 631 makes it unlawful for any person knowingly to remain in a place where they are exhibited. Article 634 declares that they are against public policy and are a public nuisance. Moreover, slot machines have been held to constitute "lotteries" such as are prohibited by the Constitution and Penal Code of this State. Barry v. State, 39 Tex. Cr. Rep. 240, 45 S.W. 571; Pendergast v. State (Ct. Cr. App. 1699) 57 S.W. 850; Hightower v. State, 124 Tex. Cr. Rep. 241, 61 S.W. (2d) 818.

The mere fact that these gambling devices are maintained by an incorporated country club does not change the result. Article 4664 of Vernon's Annotated Civil Statutes declares that,

"Any * * * country club * * * where persons resort for the purpose of gambling * * * is hereby declared to be a common nuisance. * * *"

In Opinion No. O-2086, we advised the Secretary of State that a corporation could not be formed for the purpose of affording its members an opportunity to play at "games" prohibited by the Penal Code.

In Opinion No. O-1145 we held that the corporate veil afforded no protection to a country club operating an "open saloon" in violation of the Constitution and Texas Liquor Control Act.

These rules are precisely applicable here. It can not be gainsaid that our penal laws aim at gambling and devices for gambling. Where gambling occurs is usually of no consequence. For example, we find the Court in Scott v. State, 69 Tex. Cr. Rep. 615, 155 S.W. 226, saying:

"To bet at a game of dice is unlawful wherever the game occurs."

We note that your brief cites our Opinion No. O-2689. There we held that under a criminal statute prohibiting certain acts by "any person," a corporation could not be fined or imprisoned, citing Judge Lynch Int. Book & Publishing Co. v. State, 84 Tex. Cr. Rep. 459, 208 S.W. 526; Overt v. State, 97 Tex. Cr. Rep. 202, 260 S.W. 856; and 12 Tex. Jur. 271. However, we there

Honorable A. J. Bryan, Jr., page 3

pointed out that individuals, officers and agents of the corporation, connected with the illegal act might be prosecuted. Moreover, this holding would in no way restore legality to nor prevent the suppression of machines which are per se gambling devices and are exhibited for that purpose. Many remedies exist for their suppression.

Under Article 637 of the Penal Code they may be destroyed by order of court. Roberts v. Gossett (TCA 1936) 88 S.W. (2d) 507 and Moore v. Adams (TCA 1935) 91 S.W. (2d) 447 hold that no one can possess property rights in a slot machine; and in the latter case it was held that a sheriff has the right to sieze slot machines without a warrant, so long as he acts upon probable cause and does not commit trespass in gaining entrance to the premises. Note, however, that the recent case of Callison v. State (TCA 1940) 146 S.W. (2d) 468, requires that they be exhibited for the purpose of gaming.

State v. Farmers Loan and Trust Co., 81 Tex. 530, 17 S.W. 60, State v. Jockey Club, 98 S.W. 542, Alamo Club v. State, 147 S.W. 639, and City of Wink v. Griffith Amusement Co. (Sup. 1936) 100 S.W. (2d) 695, as examples, are all cases recognizing the duty of the State to institute forfeiture proceedings against those corporations misusing the corporate franchise by violating the criminal law.

Finally you are referred to Article 4667 of Vernon's Annotated Civil Statutes, providing:

"The habitual use, actual, threatened or contemplated of any premises, place or building or part thereof, for any of the following uses shall be enjoined at the suit of either the State or any citizen thereof:

"(1)  For gaming or keeping or exhibiting games prohibited by law."

In State v. Robb and Rowley United (TCA, 1938) 118 S.W. (2d) 917 and Robb and Rowley United, Inc. v. State (TCA 1939) 127 S.W. (2d) 221, the Court held that lotteries are a species of gaming and nuisance which the State is authorized to suppress by injunction under Article 4667 of the Revised Civil Statutes, and our Opinion No. O-2296 is in accordance with this rule. Certainly, if lotteries are a species of

Honorable A. J. Bryan, Jr., page 4


gaming which the State is authorized to suppress by injunction under Article 4667 *a fortiori* the State may suppress slot machines, *per se* gambling devices. We so held in Opinion No. O-2032.

To reiterate, it is our opinion and you are advised that slot machines are gambling devices *per se*. They may not legally be operated and maintained by an incorporated country club, and the State is authorized to suppress their maintenance.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _James D. Smullen_
James D. Smullen
Assistant

JDS:js

APPROVED MAR 5, 1941

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY _BWB_
CHAIRMAN